UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. NANIKKA TARRANT, an individual )<br>2. KENNETH TERREL, )<br>3. SIDALEE TARRENT, the estate of, )<br>4. JOHN AND JANE DOE, )<br>    )<br>    )<br>          Plaintiff.   )<br>    )<br>v.  )<br>    )<br>1. MATHEW PERRY, individually, while )<br>acting under color of law, as an officer )<br>for the Town of Mayville, and )<br>2. ARRON GLASS, individually, while )<br>acting under color of law, as the Police Chief of )<br>police for the Town of Maysville, )<br>3. THE TOWN of MAYSVILLE, Oklahoma, )<br>4. THE MAYVILLE TOWN COUSEL, )<br>individually and as a town body, while )<br>acting under color of law, operating officers )<br>of the town. )<br>    )<br>          Defendants.   )  | **Case No.**  CIV-20-891-PRW |

# COMPLAINT

COMES NOW, the Plaintiffs, listed above (hereinafter "Plaintiffs"), and for their cause of action against the Defendants, alleges and states as follows:

1.  This action is filed for money damages against the above Defendants, Mathew Perry, Arron Glass, The Town of Maysville, and The Maysville Town Counsel, in their individual capacities, and while acting under the color of law as officers and employees, and trustees of the Town of Maysville. This action is brought for violation of Plaintiff's Constitutional rights, Oklahoma State law, and common law. Plaintiff alleges

that Defendants Mathew Perry and Arron Glass physically beat the Plaintiff thereby causing physical and mental damage to her and her child, and in the process violated her and her unborn constitutional rights pursuant to 42 U.S.C § 1983, and Okla. Stat. Ann. tit 21 § 714 § 652. Additionally, Mathew Perry, Arron Glass, The Town of Maysville, and The Maysville Town Counsel created, or caused to be made, policy, both actual and de facto, which caused Plaintiffs to be wrongfully assaulted, battered, physically and emotionally harmed, caused death, humiliated, and cruelly injured without justification. The Town Board of Trustees had been put on notice that the officers displayed a proclivity to act outside the law and to be unjustifiably violent towards citizens. The above Defendants are being sued in their individual capacities. The Plaintiff has filed a claim pursuant to the Government Tort Claims Act ("GTCA") and they reserve the right to amend this claim. *See* Okla. Stat. tit. 51 §§ 151-170. The GTCA notice was received by the Defendant's on 1/13/2020. The Defendant's have not accepted or denied liability as of the filing and the Defendant's 90-day period to settle or deny the claim has lapsed.

2. This action is brought for the benefit of the Plaintiffs to redress both their physical damages and the deprivation of their civil rights privileges or immunities secured to the plaintiff by the 4th, 8th, and 14th Amendments to the Constitution of the United States, and also arising out of the law, statute, and Constitution of the State of Oklahoma and more particularly set out hereinafter.

*Parties*

3        Plaintiffs, listed above, are citizen of both the United States, the State of Oklahoma, and is a resident of Garvin County, which is located in the Western District of Oklahoma.

4.       Defendants were employed by or are trustees of Town of Maysville at the time of the acts complained of herein and, upon information and belief, is a resident of Garvin County.

*Jurisdiction*

5.       This action is brought pursuant to Title 42 of the United States Code, Sections 1983 and 1988, as well as the 4th, 8th, and 14th Amendments of the United States Constitution to redress the Plaintiff's deprivation under color of State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

6.       Additionally, the Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1343 (a)(3), and 1391(b) and the above-mentioned statutory and constitutional provisions.

7.       Plaintiff further invokes pendent or supplemental jurisdiction for this Court to consider the claims arising under Oklahoma State law, this being an action wherein the State and Federal claims derive from a common nucleus of operational fact, and are such that the plaintiff would normally be expected to try them all in a single judicial proceeding.

8. Plaintiff's action for damages is authorized by:

   a. The 4th, 8th and 14th Amendment to the Constitution of the United States;

   b. There may be other causes of action, either under federal or state law, which are unknown to the Plaintiff at this time but may be ascertained by discovery and later asserted; and

   c. Plaintiff's application for attorney fees herein is authorized by 42 U.S.C. § 1988, which provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of 42 U.S.C § 1983.

9. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

*Factual Allegations*

10. On or about the 31st day of May 2019 at approximately 1:00 p.m., Maysville Police Officer Mathew Perry entered onto the Plaintiff's property, Ms. Nanikka Tarrant's, without invitation. The property in question is located at 205 Ash in Maysville, Oklahoma.

11. Once upon the property, Officer Perry knocked on Ms. Tarrant's front door and proceeded to engage in a consensual conversation with Nanikka Tarrant. Ms. Tarrant engaged in a short conversation with Officer Perry and then ended the interaction with the Officer, by asking him "to leave her property." Once Ms. Tarrant decided to end the consensual conversation, by telling Officer Perry "you are trespassing and to leave," Officer Perry informed Ms. Tarrant he smelled marijuana emanating from the residence.

12. At this point, Officer Perry ordered Ms. Tarrant to not return into the home, thereby detaining Ms. Tarrant, and possibly placing her under false arrest. Next, the Chief of Police, Arron Glass, arrived on the scene, running code, and then proceeded to discuss the situation with Officer Perry. During the discussion between Perry and Glass, the two officers spoke about getting into the home to look for an individual with warrants, and that Ms. Tarrant would not allow Perry into the home. Officer Perry also noted to Chief Glass the alleged smell of marijuana coming from the home, to which Officer Perry stated, "don't care about the marijuana."

13. Once the officers had discussed the situation and noted that Ms. Tarrant would not allow them into her home, they proceeded to approach Ms. Tarrant. Chief Glass then asked Ms. Tarrant if there was marijuana in the home. Ms. Tarrant immediately informed the officers they needed a warrant to search her home and to leave the premises immediately. Once Ms. Tarrant asserted her rights, she was immediately told she was under arrest. Ms. Tarrant then asked why she was under arrest and refused to present her arms for physical restraint. The two policer officers then physically attacked Ms. Tarrant. The two officers walked Ms. Tarrant into the yard, tackled and forced her to the ground by putting weight on her back. Once on the Ground the officers forced her into handcuffs and placed her under false arrest and imprisonment. During the physical assault/attack, by the two officers, she was forced to the ground where her knees were pressed into her stomach. As a result of the physical attack, and pressure asserted on her midsection, Ms. Tarrant and her unborn child suffered injuries that led to a fatal miscarriage, and the death/manslaughter of her unborn child.

14. The Defendant Mayville City Board, after repeated warnings, ignored these officer's reckless actions, which amounts to a deliberate indifference to an obvious need to for training and supervision. Moreover, this indifference by the Defendants created a policy or de facto policy for the use of excessive force.

### *First Cause of Action*

*Civil Rights Violation; Perry and Glass, Town of Maysville and the Town Board of Mayville, 42 U.S.C. §1983.*

15. Defendants, as a Town of Oklahoma and as individuals, and while acting under color of law as a Board Trustees and Police Officers of Maysville, subjected the Plaintiffs to a physical beating. The blows and physical force by Defendants Glass and Perry were delivered with sufficient force to cause the Plaintiff mother to bleed internally and to cause the death of the Plaintiff unborn child.

16. The beating delivered by Defendants Glass and Perry was executed while Plaintiff Tarrant was under no suspicion of violating a law or other which would justify her being taken into custody.

17. The Defendants Glass and Perry, after being told to leave to property, were trespassing at the time they instigated the assault.

18. Defendant's actions caused both physical and emotional damage, as well as a deprivation of her and her child's fundamental rights, including but not limited to, equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, freedom from cruel and unusual punishment as guaranteed by the 8th Amendment to the

U.S. Constitution, and freedom from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution.

19.    Defendant's actions were intentional and were the direct cause of the Plaintiff's physical and mental damages, as well as the deprivation of Plaintiff's legal and constitutional rights, thereby causing humiliation, death, mental and physical pain, and emotional distress.

20.    The Plaintiff seeks to remedy the deprivation of his constitutional rights under *42 USCA §1983*.

21.    The actions of the Defendants Officers Perry and Glass as alleged in this complaint where part and parcel of a widespread town policy, practice and custom which is further established by the involvement in, and ratification of, these actions by municipal supervisors and policy makers, the town board of trustees.

## *Second Cause of Action*

*Civil Rights Violation; by Defendants the Maysville Town Board of Trustees and Chief of police Aaron Glass, 42 U.S.C. §1983*

22.    The Maysville Town Board of Trustees and Chief Glass acting as individuals and under the color of law, as employees of the Town of Maysville, were supervisors of Defendant Perry. As such, The Maysville Town Board of Trustees failed to adequately hire, train and supervise Glass and Perry. Despite numerous warnings of Defendant Perry's excessive use of force, and decision making, no corrective actions was taken by Defendants Trustees and Chief Glass. Chief Glass, according to the Maysville ordinance and procedure publication is the individual designated to create and enforce

police practice and policy. In fact, not only did the Board of Trustees ignore the warnings, they promoted Perry after the incident in question. The Maysville Board of Trustee's deliberate indifference to the conduct of Defendant Perry as well as Glass created a de facto policy or an acceptance of the officer's conduct and thereby caused additional instances of physical abuse by these officers, which directly led to the attack on the Plaintiffs.

23. The physical attack on Plaintiffs caused physical and emotional damage, as well as a deprivation of their rights to equal protection, due process as guaranteed by the 14th Amendment to the U.S. Constitution, the right to be free from excessive force, and their right to be free from cruel and unusual punishment as guaranteed by the 8th Amendment to the U.S. Constitution, and their right to be free from unreasonable searches and seizures as guaranteed by the 4th Amendment to the U.S. Constitution.

24. The Plaintiffs seeks to remedy the deprivation of their constitutional rights under *42 USCA §1983*.

### *Third Cause of Action*

*Death of a Child, Okla. Stat. Ann. tit 12 § 1055*

25. The Plaintiffs seeks to remedy for the losses under *Okla. Stat. Ann. tit 12 § 1055*. Defendants, as a Town of Oklahoma and as individuals, and while acting under color of law as a Board Trustees and Police Officers of Maysville, subjected the Plaintiffs to a physical beating, which caused the death of the Plaintiff's child. As a result, the Plaintiff parents have substantial damages both current and future. Loss of love of the

child and companionship, medical expenses, and other. The Plaintiffs seeks to remedy the loss of their rights under *Okla. Stat. Ann. tit 12 § 1055.*

### Forth Cause of Action

### The Estate of Sisalee Tarrant

26. The Plaintiffs repeat and reallege the proceeding paragraphs of this Complaint as if they were fully set out in this Count.

27. The Maysville Police Officers, Perry and Glass, violations were done under the authority of one or more interrelated de facto policies, practices and/or customs of the Town of Maysville and the Board of Trustees.

28. The actions of the Defendants Officers Perry and Glass as alleged in this complaint where part and parcel of a widespread town policy, practice and custom which is further established by the involvement in, and ratification of, these actions by municipal supervisors and policy makers, the town board of trustees.

29. The Plaintiff seeks damages for the loss of her life and pain suffered as a result of the Defendant's actions.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Award compensatory damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

b.  Award punitive damages to Plaintiff in an amount in excess of seventy-five thousand dollars ($75,000.00),

d.  Award cost of this action including attorney fees to Plaintiff, and

e. Award such other relief as this Court may deem just and appropriate.

/s/ Phillip Scott Spratt
Phillip Scott Spratt, OBA No. 21365
The Spratt Law Firm
333 NW 5th Street, Suite 415
Oklahoma City, Oklahoma 73102
Phone: 405-701-3033
Fax: 405-600-7351
EMAIL: Scott@Sprattlawfirm.com
ATTORNEY FOR THE PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**